**FILED**

JUN 2 6 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| DEMETRIUS BARBOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No. | **12 1049** |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

It appears that plaintiff challenges the Social Security Administration's decision to withhold $25.00 from each monthly payment of benefits in order to recover amounts overpaid to him in years past. The matter is not properly before the Court, however, because it does not appear that plaintiff has exhausted his administrative remedies prior to filing this lawsuit. "[F]inal SSA decisions eligible for judicial review follow four steps of an administrative review process: (1) an initial determination; (2) a reconsideration determination; (3) a hearing before an ALJ; and (4) review by the Appeals Council." *Beattie v. Astrue*, __ F. Supp. 2d __, __, 2012 WL 628346, at *4 (D.D.C. Feb. 28, 2012) (citation omitted). In other words, only "after any final decision by the Commissioner of Social Security made after a hearing to which he is a party" may a plaintiff seek judicial review in a federal district court. 42 U.S.C. § 405(g). The

complaint sets forth no facts from which the Court could conclude that waiver of the exhaustion requirement is warranted: where "(1) the issue raised is entirely collateral to a claim for payment; (2) plaintiffs show they would be irreparably injured were the exhaustion requirement enforced against them; [or] (3) exhaustion would be futile." *Hall v. Sebelius*, 689 F. Supp. 2d 10, 18 (D.D.C. 2009) (citations omitted).

The complaint will be dismissed without prejudice. *See, e.g., Ford v. Astrue*, 808 F. Supp. 2d 150, 153 (D.D.C. 2011) (dismissing complaint where plaintiff "has only completed the first two steps of the four-step SSA administrative-review process"); *see also Maiden v. Barnhart*, 450 F. Supp. 2d 1, 3-4 (D.D.C. 2006) (finding that denial of untimely request for hearing is not a final decision for exhaustion purposes). An Order accompanies this Memorandum Opinion.

/s/ Ellen S Huvelle
United States District Judge

DATE: 6/24/12